UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MERCED BARRON and CHRISTINA BARRON,

Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware Corporation; SUBURBAN MOTORS, INC., a California Corporation dba FUTURE FORD OF SACRAMENTO; and DOES 1 through 10, inclusive,

Defendants.

No. 2:18-cv-01627-MCE-DB

**MEMORANDUM AND ORDER**

Through the present action, Plaintiffs Merced Barron and Christina Barron (collectively "Plaintiffs") seek damages from Defendants Ford Motor Company ("Ford") and Suburban Motors Inc., dba Future Ford of Sacramento ("Future Ford") stemming from Plaintiffs' purchase of a vehicle they allege was defective. The jurisdiction of this Court is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiffs contend, however, that Defendants' removal of their case from state court was improper. According to Plaintiffs, because Future Ford is in fact a viable defendant in this matter Defendants cannot disregard Future Ford's citizenship for diversity purposes and thereby invoke federal jurisdiction. Plaintiffs consequently now move to remand their

1

lawsuit back to state court where it originated, and request attorney's fees associated with having to file their motion. As set forth below, while Plaintiffs' Motion for Remand is GRANTED, their request for attorney's fees is DENIED.[1]

## BACKGROUND[2]

On April 25, 2018, Plaintiffs, who are California residents, filed a complaint in the Superior Court of the State of California, County of Sacramento, for claims arising from their purchase of a Ford truck on July 1, 2007. Plaintiffs named two defendants, Ford, a Delaware corporation with its principal place of business in Michigan, and Future Ford, a California corporation. Plaintiffs asserted causes of action against Ford for violations of the Song-Beverly Consumer Warranty Act for breach of express and implied warranty, as well as additional causes of action sounding in fraud, misrepresentation, and concealment. According to Plaintiffs, Ford knowingly concealed that the truck's engine and transmission were defective and dangerous and they suffered injury because of their reliance on Ford and its agents' omissions and misrepresentations regarding the allegedly defective engine. It is unclear, however, what specific causes of action are pleaded against Future Ford.

In the Motion to Remand to state court presently before the Court for adjudication, Plaintiffs contend they set out all the requisite elements for a claim for negligent repair against Future Ford, and they assert that the Complaint includes factual allegations supporting each element of Plaintiffs' claim. P.'s Mot. Remand, 6 (ECF No. 10). Specifically, Plaintiffs' Complaint describes their experience purchasing the truck from Future Ford and subsequently taking the truck to one of Ford's authorized repair facilities once the alleged defect became noticeable. ECF No. 1 at ¶¶ 56–59. The Complaint

---

[1] Having determined that oral argument would not be of material assistance, the Court submitted the matter on the briefs in accordance with E.D. Local Rule 230(g).

[2] Unless otherwise stated, the following facts are taken, at times verbatim, from Plaintiffs' Compl. (ECF No. 1, Ex. A).

2

further alleges that "Defendant represented that the repairs would fix the vehicle, despite its knowledge that the repairs performed would merely postpone the problem . . . until the engine was out of warranty." Id. at ¶ 59.  Additionally, the Complaint states that Ford, through its authorized agents, represented that the truck engine was not defective, and that any defects could be repaired under the applicable warranties. Id. at ¶¶ 144–48.

On June 4, 2018, Ford removed the case to this Court based on diversity jurisdiction. D.'s Opp. P.'s Mot. Remand, ECF No. 17 at 2. In support of removal, Ford argues that Plaintiffs' Complaint fails to allege any cause of action directly against Future Ford. Id. Therefore, Ford argues Plaintiffs fraudulently joined Future Ford as a defendant solely with the purpose of destroying this Court's diversity jurisdiction. Id. Through the Motion to Remand now before the Court, Plaintiffs argue that Future Ford is indeed a proper party for determining diversity and that its presence in the lawsuit defeats complete diversity that would otherwise exist between Plaintiffs and Ford. P.'s Mot. Remand, ECF No. 10 at 2.

For the reasons set forth below, Plaintiffs' Motion to Remand is GRANTED.

**STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). Diversity jurisdiction under 28 U.S.C. § 1332 is one of two recognized grounds for such removal. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. at § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction."

Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

Despite this presumption against the propriety of jurisdiction, courts must nonetheless look beyond the labels in the complaint and realign the parties according to their real interests. See Scotts Co. LLC v. Seeds, Inc., 688 F.3d 1154, 1157 (9th Cir. 2012) (a court is not bound by plaintiff's alignment of the parties; parties are aligned based on whether their interests coincide as to the "primary matter in dispute"); In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Although the plaintiff is generally the master of his complaint, diversity jurisdiction cannot be conferred by the parties' own determination of who are plaintiffs and who defendants"; instead, a court must realign parties' in order to safeguard against "artful pleading" and ensure an actual "collision of interest" as to the "principal purpose of the suit"); Dolch v. United Cal. Bank, 702 F.2d 178, 181 (9th Cir. 1983) ("The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation."). Consequently, "[c]ourts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court." Smith v. Salish Kootenai Coll., 434 F.3d 1127, 1133 (9th Cir. 2006); see also Dolch, 702 F.2d at 181 ("If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes . . . Realignment may be required even if a diversity of interests exists on other issues.").

The court's ability to realign the parties in this regard means that "a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant."

Mississippi ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 745 (2014).  Instead, as the Ninth Circuit has repeatedly recognized, a defendant may remove a civil action against a resident defendant when the plaintiff has no basis for suing that defendant. See, e.g., Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (a non-diverse defendant may be disregarded for purposes of determining complete diversity if that defendant was fraudulently joined).  Like the presumption against removal jurisdiction in the first instance, the burden of proof for a defendant claiming fraudulent joinder is a heavy one.  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir.1990)).  The removing party must demonstrate that there is no possibility the plaintiff will be able to establish a cause of action against the allegedly fraudulently joined defendant. Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (citing Dodson v. Siliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1998)).

     "Fraudulent joinder" is nevertheless a "term of art" and has nothing to do with the "mental state" of the plaintiff.  Davis v. Prentiss Props. Ltd., Inc., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the non-diverse defendant has been fraudulently joined, the Court ignores the fraudulently joined defendant's presence in the action when determining diversity. See Morris, 236 F.3d at 1067.

     With these guiding principles in mind, the Court now turns to the merits of Ford's argument that remand is improper because Plaintiffs fraudulently joined Future Ford solely to destroy complete diversity necessary for this Court to have subject matter jurisdiction over the case.

///

///

**ANALYSIS**

Ford contends that Plaintiffs fraudulently joined Future Ford and argues that the Court should ignore Future Ford's citizenship when determining diversity jurisdiction. ECF No. 17 at 2. In support of this argument, Ford states that Future Ford could not possibly be found liable for any theory alleged in Plaintiffs' Complaint. ECF No. 17 at 3. Ford further argues that although Plaintiffs state that they have pleaded all necessary elements for a negligent repair claim, those facts were included in a section of the Complaint aimed "Against Defendant Ford Only" and therefore cannot be applied to Future Ford. Id. at 4. Ford's arguments are unpersuasive.

Ford fails to meet the heavy burden required to demonstrate fraudulent joinder. See Plute, 141 F. Supp. 2d at 1008. Most importantly, Ford does not provide any convincing reasons why, given an opportunity to amend their Complaint, Plaintiffs would be incapable of stating a claim against Future Ford. Plaintiffs' current Complaint alleges facts showing they purchased the truck from Future Ford, and repeatedly took the truck to a dealer for repairs where they were told the problem with the engine was remedied. ECF No. 1, ¶¶ 53–59. Based on these facts, the Court cannot conclude it would be impossible for Plaintiffs to state a negligent repair cause of action against Future Ford given Future Ford's involvement in selling and repairing the truck. See Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1170 (E.D. Cal. 2011) (stating "a plaintiff need only have one potentially valid claim against the non-diverse defendant to survive a fraudulent joinder challenge.") (internal quotation marks omitted). Ford fails to provide any legal reason why Plaintiffs would be absolutely barred from bringing a claim against Future Ford. Ford contends that Plaintiffs cannot recover against Future Ford because Plaintiffs failed to plead the elements of negligent repair directly against the dealership. ECF No. 17 at 4. Once again, this Court cannot agree that there is no possibility that Plaintiffs could potentially amend their complaint to state a claim for negligent repair against Future Ford.

Plaintiffs' current Complaint states that they purchased the truck from Future Ford, and upon discovering the alleged engine defect, Plaintiffs brought the truck to an authorized Ford repair facility for repair. ECF No. 1, ¶ 50, 59. Plaintiffs further allege that the repair facility technicians worked on the truck and told Plaintiffs that the truck had been repaired. Id. at ¶ 59. Given those allegations, the Court cannot rule out that Plaintiffs, given the opportunity to amend the Complaint, may successfully bring a negligent repair claim against Future Ford. See generally Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp., 422 F.2d 1013, 1020 (9th Cir. 1970) ("One who undertakes repairs has a duty arising in tort to do them without negligence."); see also Tasch v. Ford Motor Co., No. CV 18-380-R, 2018 WL 3956493, at *1 (E.D. Cal. Aug. 16, 2018) (holding plaintiff did not fraudulently join defendant-dealership because she could possibly amend her complaint to bring a negligent repair claim after dealership performed repairs on the vehicle).

Stated another way, Ford's arguments limit the fraudulent joinder analysis to Plaintiff's Complaint in its current form, and they fail to address the possibility that Plaintiffs, given the opportunity to amend, could potentially state a colorable claim for negligent repair against Future Ford. Therefore, because Ford has failed to overcome the heavy burden required to demonstrate that Future Ford was fraudulently joined, the Court will not ignore Future Ford's citizenship in determining whether diversity jurisdiction exists. As such, the case should be remanded to state court because Ford has failed to meet its burden to establish diversity jurisdiction under 28 U.S.C. § 1332.

Although the Court concludes that Defendants' removal of this matter was ultimately improper, it declines to award attorney's fees incurred as a result of the removal, as requested by Plaintiffs under 28 U.S.C. § 1447(c). An award of attorney's fees under § 1447(c) is discretionary and may be rejected where a defendant had at least a reasonable basis for removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Given the dearth of specific allegations levied against Future Ford

///

specifically as opposed to Ford and its representatives in only general terms, the Court does not believe that the imposition of attorney's fees is indicated.

**CONCLUSION**

For all the reasons set forth above, Plaintiff's Motion to Remand is GRANTED. Plaintiffs' request for attorney's fees they incurred in conjunction with the Motion, however, is DENIED.[3]

IT IS SO ORDERED.

Dated: January 23, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that Defendants filed an Ex Parte Application (ECF No. 16) requesting that their Opposition to Plaintiffs' Motion, filed a week late due to a calendaring error, be accepted as timely. No opposition to that request was filed by Plaintiffs and, since the Court determines that Defendants demonstrated excusable neglect for their late-filed Opposition in accordance with Federal Rule of Civil Procedure 6(b), Defendants' Ex Parte Application is hereby GRANTED.

8